UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SASWOT DHAKAL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 25-1345 (UNA) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on Saswot Dhakal's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* petition for a writ of mandamus (ECF No. 1), and motion to expedite (ECF No. 3). The Court GRANTS the application and DENIES the petition and motion.

Petitioner alleges that, since 20017, he "has been subjected to a pattern of government-directed harassment that includes surveillance, interference with personal affairs, psychological manipulation, and what can only be described as extrajudicial punishment—all occurring without any official notice, charges, or hearing." Pet. at 2, ¶ 5. He attributes this "continuous harassment, intimidation, surveillance, and psychological torture" to the Federal Bureau of Investigation ("FBI") and Department of Justice. *Id*. at 1. According to Petitioner, the FBI and the Department of Justice "have a non-discretionary duty to act within the bounds of the U.S. Constitution and applicable statutes" and, therefore, "may not impose coercive or punitive measures against a U.S. citizen without notice, process, or legal authority." *Id*. at 3 ¶10. He

1

demands a writ of mandamus compelling respondents to "[p]rovide formal notice of any government or legal basis underlying prior or ongoing surveillance or interference[, and c]ease any covert, retaliatory, or extrajudicial action unless authorized by law and accompanied by proper notice[]" *Id*. at 3 ¶1.[1]

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). "To establish entitlement to mandamus relief, the plaintiff must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted); *see Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

The instant petition fails to identify a plausible basis for granting mandamus relief, and instead alleges a pattern of government-directed harassment "ris[ing] to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). This Court cannot "entertain claims . . . 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C.

---

[1] The Court presumes that Petitioner's demand for the release of records will be addressed in his pending case under the Freedom of Information Act. *See Dhakal v. Fed. Bureau of Investigation*, No. 1:24-cv-2525 (TNM) (D.D.C. filed Sept. 2, 2024).

Cir. 2009) (examining cases dismissed "for patent insubstantiality"). The Court will, accordingly, dismiss the petition for failure to allege facts sufficient invoke the Court's mandamus jurisdiction and will deny the motion to expedite as moot.

    A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: May 9, 2025